IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JERALD VRBAS,<br><br>Defendant. | 4:14-CR-3007<br><br>RESTITUTION ORDER |

      This matter is before the Court to determine the defendant's restitution obligation pursuant to 18 U.S.C. § 2259 and 18 U.S.C. § 3664. For the reasons explained below, the Court will order the defendant, Jerald Vrbas, to pay $1,910.46 in restitution.

      In considering Vrbas' restitution obligation, the Court is mindful of several basic principles. The government has the burden of proving the amount of restitution by a preponderance of the evidence. *United States v. Miller*, 419 F.3d 791, 792 (8th Cir. 2005). Restitution for Vrbas' conviction is mandatory, and Vrbas shall be ordered to pay the full amount of the victim's losses. § 2259(a) and (b)(1). The victim's losses, for purposes of restitution under § 2259, include: any costs incurred by the victim for (A) medical services relating to physical, psychiatric, or psychological care; (B) physical and occupational therapy or rehabilitation; (C) necessary transportation, temporary housing, and child care expenses; (D) lost income; (E) attorney fees, as well as other costs incurred; and (F) any other losses suffered by the victim as a proximate result of the offense. § 2259(b)(3). Restitution is proper under § 2259 only to the extent that Vrbas' offense proximately caused the victim's losses. *Paroline v. United States*, 134 S. Ct. 1710, 1722 (2014).

      But causation is not particularly at issue here because Vrbas has been convicted of *producing* child pornography by taking pictures of a 3-year-old child who was visiting his residence, whom the Court will refer to as "A.B." And while the images have not been widely circulated, any circulation that has occurred was initiated by Vrbas. As the Supreme Court has said, but-for causation can be "shown with ease" in cases "involving producers of child pornography . . . or the initial distributor of the pornographic images of a child[.]" *Id.* at 1722. The evidence clearly establishes causation between Vrbas' offense and A.B.'s damages in this case.

The Court finds those losses, for purposes of restitution, to be $1,910.46. The evidence before the Court is that A.B.'s family has already been billed $370.46 for counseling services. The evidence also indicates that symptoms may be expected to reemerge at developmental milestones, at which time it would be important to resume treatment, and that the expected cost of such treatment would be $1,540.[1] The law is clear that a restitution order entered pursuant to § 2259 may include restitution for estimated future medical expenses. *See*, *United States v. Pearson,* 570 F.3d 480, 486-87 (2d Cir. 2009); *United States v. Laney,* 189 F.3d 954, 966-67 (9th Cir. 1999); *see also Palmer,* 643 F.3d at 1067-68. Accordingly, the Court awards restitution to A.B. in the sum of $1,910.46.[2] Vrbas shall be jointly and severally liable for that amount with Richard E. Cooley, to whom Vrbas provided images of A.B.; Cooley has been ordered to pay restitution to A.B. in the same amount in his own case, no. 4:14-cr-3041.[3]

---

[1] At sentencing, there was some discussion of making Vrbas' restitution payments payable as the victim's expenses were incurred: that is, making $370.46 payable now, and the rest payable upon presentation of A.B.'s bills. While the Court was willing to consider such a plan, the Eighth Circuit is not: the Court of Appeals has, in fact, definitively rejected a restitution schedule of that kind, finding that it "manifestly violates" § 3664(f)(3)(A). *United States v. Palmer,* 643 F.3d 1060, 1066-67 (8th Cir. 2011).

[2] The Court is also aware, of course, that future medical expenses should be awarded only where the amount can be determined with reasonable certainty, in accord with § 3664. *See*, *Pearson,* 570 F.3d at 486-87; *Laney,* 189 F.3d at 967 n.14; *see also Palmer,* 643 F.3d at 1068; *cf., United States v. Frazier,* 651 F.3d 899, 903-04 (8th Cir. 2011); *United States v. Chalupnik,* 514 F.3d 748, 754 (8th Cir. 2008). The Court finds that A.B.'s losses are susceptible to reasonable estimation here. And, the Court also notes, the record shows other costs associated with the offense, such as travel expenses from the victim's residence near a small rural community to North Platte for treatment, about 160 miles round trip. To the limited extent that A.B.'s future expenses may not be completely certain, that uncertainty is offset by other expenses that have already been incurred. And, the Court notes, Vrbas did not object to the amount of restitution at sentencing. *See United States v. Akbani,* 151 F.3d 774, 779 (8th Cir. 1998).

[3] The Court is aware of the Eighth Circuit's suggestion in *United States v. Fast* that joint and several liability might not be consistent with § 3664 when the defendants are not part of the same case. 709 F.3d 712, 723 n.6 (8th Cir. 2013), *vacated,* 134 S. Ct. 1934 (2014) (vacated and remanded for further consideration in light of *Paroline,* 134 S. Ct. 1710). The Court understands the Eighth Circuit's concern with the administrative clumsiness of apportioning liability among defendants in different cases. But the Clerk of the Court has indicated that there is no difficulty in doing so here. And the Court does not believe that the Eighth Circuit intended to foreclose joint and several liability in a case like this—in which Vrbas and Cooley *actually did* act jointly—simply because the U.S. Attorney chose to indict them separately.

The remaining matter, then, is establishing a schedule for Vrbas to pay this award. While mandatory restitution shall be imposed without consideration of the economic circumstances of the defendant, the Court is to consider the defendant's ability to pay in determining whether restitution shall be paid by lump sum, a schedule of payments, or nominal payments. *See Miller*, 419 F.3d at 794. It appears to the Court, from the evidence, that Vrbas has no present ability to pay a lump sum award. Therefore, the Court will order Vrbas to make monthly payments of $20 per month toward restitution.

IT IS ORDERED:

1. Vrbas is ordered to pay $1,910.46 in restitution.

2. Vrbas' liability for restitution shall be joint and several with the restitution award entered for A.B. against Richard E. Cooley, case no. 4:14-cr-3041.

3. Vrbas shall make monthly payments toward restitution of $20 per month.

Dated this 12th day of November, 2014.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge